UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KITRUS BINION, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:16-cv-01631-SEB-MJD ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

**Entry Denying Section 2255 Motion
and Directing Entry of Final Judgment**

Kitrus Binion seeks relief under 28 U.S.C. § 2255 from his sentence for bank robbery in *United States of America v. Binion*, No. 1:01-cr-00134-SEB-TAB-1 (S.D. Ind.) entered March 8, 2002.[1] For the reasons explained below, Mr. Binion's motion, filed June 24, 2016, is **denied** and this action is **dismissed** with prejudice. In addition, the Court denies a certificate of appealability.

**I. Standard of Review**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to Section 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

---

[1] Because he had filed a prior motion under Section 2255, Mr. Binion needed authorization from the Seventh Circuit Court of Appeals to proceed with a second or subsequent Section 2255 motion to seek modification of his sentence pursuant to *Johnson*. He sought and received that authorization. *Binion v. United States of America*, No. 16-2524, unpub. order (7th Cir. June 23, 2016).

attack." 28 U.S.C. § 2255(a). The scope of relief available under Section 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. Factual Background

On March 8, 2002, Kitrus Binion was convicted following his guilty plea of one count of bank robbery, 18 U.S.C. § 2113(a), in case number 1:01-cr-00134-SEB-TAB-1. He was sentenced to 210 months imprisonment to run concurrently with another sentence. His sentence was based on a finding that he was (1) an armed career criminal under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act (ACCA), and (2) a career offender under United States Sentencing Guideline § 4B1.2. The prior violent felonies that formed the basis of Mr. Binion's status were three Indiana armed robbery convictions from 1984, 1985, and 1991, an Indiana criminal recklessness conviction from 1984, an Indiana cocaine and marijuana trafficking conviction in 1991, and a Mississippi federal bank robbery conviction from 1991. *See* Pre-Sentence Report, case number 1:01-cr-00134-SEB-TAB-1, ¶¶ 58-63. In his brief in support of his Section 2255 motion, Mr. Binion refers to the Mississippi conviction as "bank larceny." It is unnecessary to resolve the difference in light of the discussion below.

## III. Discussion

In 2015, the Supreme Court held the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. *Johnson v. United States*, 576 U.S. ___,

2

135 S. Ct. 2551 (2015).[2] The "residual clause" was part of an ACCA section defining a violent felony as:

> "any crime punishable by imprisonment for a term exceeding one year . . . that –
> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> "(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The words in italics make up the "residual clause." The "elements clause," 18 U.S.C. § 924(e)(2)(B)(i), is unaffected by *Johnson*.

Mr. Binion argues that his Indiana robbery convictions do not qualify as violent offenses under the ACCA's "elements clause" because the crimes can be committed with fear instead of force. He also argues that his Indiana criminal recklessness conviction cannot count toward the ACCA violent offense tally because it was held not to be a qualifying ACCA offense in *United States v. Smith*, 544 F.3d 781, 783 (7th Cir. 2008).

The presentence report contained five prior convictions that were used to apply the ACCA and career offender enhancements to Mr. Binion's sentence. Three of the convictions are for Indiana armed robbery. Because these convictions are violent crimes, and because sentencing enhancement under the ACCA requires only three or more violent convictions, 18 U.S.C. § 924(e), and the Sentencing Guideline career offender enhancement requires only two such convictions, USSG § 4B1.1(a), it is not necessary to address Mr. Binion's other challenges to the Sentencing Guidelines, the ACCA, or the other convictions used for enhancement.

---

[2] *Johnson* was held to be retroactive on collateral review in *Welch v. United* States, ___ U.S. ___, 136 S. Ct. 1257, 1268 (2016).

The Seventh Circuit has reviewed the Indiana robbery statute and held that it is a crime of violence. *United States v. Duncan*, 833 F.3d 751. 752-57 (7th Cir. 2016) (holding that the offense of robbery in violation of Indiana Code § 35-42-5-1 "includes as an element 'the use, attempted use, or threatened use of physical force against the person of another' such that it qualifies as a violent felony under the elements clause of the definition in the Armed Career Criminal Act . . . .") *Duncan* specifically rejected the argument made here by Mr. Binion that Indiana robbery by fear cannot be a crime of violence. 833 F.3d at 758. The court held that "robbery by placing a person in fear of bodily injury under Indiana law involves an explicit or implicit threat of physical force and therefore qualifies as a violent felony under § 924(e)(2)(B)(i)." *Id.*

Therefore, Mr. Binion had at three violent felonies – Indiana robbery – that caused enhancement of his sentence under the Sentencing Guidelines and the ACCA. His motion for Section 2255 relief must be denied.

### IV. Conclusion and Certificate of Appealability

Kitrus Binion has not shown that he is entitled to sentencing relief. The June 24, 2016, motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **denied.** Judgment consistent with this Entry shall now issue.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Binion has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong . . . ." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

4

The clerk is directed to file a copy of this Entry in the originating criminal case, *United States of America v. Binion*, No. 1:01-cr-00134-SEB-TAB-1

**IT IS SO ORDERED.**

Date: ___01/30/2018___

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KITRUS BINION
03414-028
ATLANTA - USP
ATLANTA U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 150160
ATLANTA, GA 30315

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
breitz@usa.doj.gov

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov